IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01704-PAB-MEH

PAUL CUIN, individually and on behalf of the Estate of TIFFANY MARIE O'SHELL,
JACQUELINE CUIN, individually and on behalf of the Estate of ALYSSA O'SHELL, and
WILLIAM DAVID O'SHELL,

    Plaintiffs,

v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS (on behalf of Adams County
Department of Human Services),
ADAMS COUNTY BOARD OF HUMAN SERVICES (on behalf of Adams County Department
of Human Services),
ANDREW SEROTNAK, M.D.,
FRAN FARO, M.D.,
MARY LUNA, P.N.P.,
ANTONIA CHIESA, M.D.,
THE CHILDREN'S HOSPITAL,
THE KEMPE FOUNDATION FOR THE PREVENTION AND TREATMENT OF CHILD ABUSE
AND NEGLECT, d/b/a Kempe Center for the Prevention of Child Abuse and Neglect, d/b/a The
Kempe Center, d/b/a Kempe,
BOARD OF REGENTS OF THE UNIVERSITY OF COLORADO (on behalf of the University of
Colorado School of Medicine, and
JOHN DOE AND JANE DOE,

    Defendants.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is a "Joint" Motion to Stay Discovery, Stay Filing of Scheduling Order and Vacate Scheduling Conference Pending Ruling on Motions to Dismiss [filed September 8, 2010; docket #48]. The motion has been referred to this Court for disposition [docket #49]. Oral argument would not materially assist the Court in adjudicating this motion. For the following reasons, the Motion to Stay is **granted**.

**I.  Background**

Plaintiffs instituted this action on June 18, 2010 in Adams County District Court and, on July 19, 2010, the action was removed to this Court. In essence, Plaintiffs allege that Defendants were negligent, grossly negligent and/or acted intentionally or in reckless disregard for Plaintiffs' rights in, among other conduct, removing their infant granddaughter from her parents' care, investigating the parents and grandparents for child abuse, engaging in custody proceedings, failing to properly care for the infant and delaying proceedings and medical testing of the infant. *See* Complaint, docket #1-1, at 6-11. The Defendants have responded to the Complaint by filing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* dockets #32, 33, 34 and 36. Thereafter, counsel for the University of Colorado filed the within "Joint" Motion to Stay,[1] asserting that, "it would best serve [the parties'] interests, as well as the Court's convenience, to not proceed with discovery until such time as the Court has ruled upon the Motions to Dismiss and determined whether there is a viable claim within its original jurisdiction." *See* docket #48 at ¶ 6.

**II.  Discussion**

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here,

---

[1] The motion is not signed by all parties, but counsel certifies that he is "authorized to state that all parties to the action join in this Motion." Docket #48 at 2.

the parties seek protection from the burden of discovery at this early stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Here, the *String Cheese* factors weigh in favor of the imposition of a temporary stay of proceedings.

First, the Plaintiffs assert no interest in proceeding quickly with this action; in fact, they apparently agree to stay the proceedings indefinitely pending resolution of the pending dispositive motions. Second, the Court notes that the government Defendants' Motions to Dismiss raise legal questions of this Court's jurisdiction over the subject matter of the dispute, and such questions should be resolved as early as possible in the litigation. *See Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). Moreover, the Court finds that allowing discovery to continue in this matter against the remaining Defendants would not serve the interests of judicial economy and efficiency. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motions to Dismiss.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Motion to Stay Discovery, Stay Filing of Scheduling Order and Vacate Scheduling Conference Pending Ruling

on Motions to Dismiss [filed September 8, 2010; docket #48] is **granted**.  The proceedings of this case are hereby temporarily stayed pending the District Court's rulings on Defendants' Motions to Dismiss.  The Scheduling Conference currently set for September 16, 2010 at 9:15 a.m. is **vacated** and will be rescheduled at a later time.  The parties are directed to submit a status report within **five days** of the entry of any order adjudicating the pending Motions to Dismiss.

Dated at Denver, Colorado, this 13th day of September, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge