IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01704-PAB-MEH

PAUL CUIN, individually and on behalf of the Estate of TIFFANY MARIE O'SHELL, and JACQUELINE CUIN, individually and on behalf of the Estates of ALYSSA O'SHELL and WILLIAM DAVID O'SHELL,

    Plaintiffs,

v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS, et al.,

    Defendants.

---

## ORDER

---

This matter is before the Court on "Plaintiffs' Show of Cause as to why Claims Against the John Doe and Jane Doe Defendants Should not be Dismissed Pursuant to Court's Order of Partial Dismissal and Show Cause" ("Plaintiffs' Response") [Docket No. 119]; defendant Board of Regents of the University of Colorado's "Brief Regarding 'Doe' Defendants" [Docket No. 121]; and defendant The Children's Hospital's "Joinder in University's Brief Regarding 'Doe' Defendants" [Docket No. 122].

On July 11, 2011, the Court dismissed plaintiffs' federal claims, which were brought pursuant to 42 U.S.C. § 1983, against the identified defendants. *See* Docket No. 117. Section 1983 claims remained pending, however, against unidentified, and yet to be served, John and Jane Doe defendants. The Court, therefore, ordered plaintiffs to show cause why the claims against the John and Jane Doe defendants should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure

4(m).  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

In Plaintiffs' Response, they contend that, due to a stay of discovery, they "have been unable to determine the identity of John Doe/Jane Doe and, consequently, have been unable to complete service upon John Doe/Jane Doe."  Docket No. 119 at 2, ¶ 3.  They further argue that their lack of information regarding the "identity of John/Jane Doe is not due to [their] negligence or delay," but rather "is due to the parties' joint efforts to engage in a discovery process which is 'eminently logical' and 'avoids wasting the time and effort of all concerned.'"  Docket No. 119 at 2-3, ¶ 4 (citing *Maynard v. The Colorado Supreme Court Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 WL 231555, at *2 (D. Colo. Jan. 13, 2010) (Tafoya, M.J.)); *see Maynard*, 2010 WL 231555, at *2 ("In this District, courts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted.").

The "joint effort" described by plaintiffs took the form of a joint motion to stay discovery [Docket No. 48].  In the joint motion, the parties, including plaintiffs, *see* Docket No. 48 at 2, adopted the position that, in the event the Court granted defendants' motions to dismiss the federal claims, the only remaining issue would be whether the Court would exercise supplemental jurisdiction over the state law claims.

*See* Docket No. 48 at 3-4, ¶¶ 5-7.  The parties all argued that it would be most efficient to engage in discovery only in the event the Court denied one or more of the defendants' motions to dismiss, *see* Docket No. 48 at 3-4, ¶ 6 (citing, *inter alia*, *Maynard*, 2010 WL 231555, at *2), invoking "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Maynard*, 2010 WL 231555, at *2.  Now that the Court has granted defendants' motions to dismiss the federal claims, plaintiffs take the opposite position without explanation, requesting that discovery begin so that they may determine whether they have any viable federal claims against any of the unidentified defendants.  *Cf.* Docket No. 48 at 4, ¶ 6 ("The parties in this case agree that it would best serve their interests, as well as the Court's convenience, to not proceed with discovery until such time as the Court has ruled upon the Motions to Dismiss and determined whether there is a viable claim within its original jurisdiction.").

The Court concludes that plaintiffs are judicially estopped from now asking for discovery regarding the identify of the John and Jane Doe defendants.  "The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).  The Court considers whether "'1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the

first or second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped.'" *Mathews v. Denver Newspaper Agency LLP*, --- F.3d ----, 2011 WL 1901341, at *9 (10th Cir. May 17, 2011) (quoting *Bradford*, 516 F.3d at 1194 (internal quotations omitted)).

For the reasons discussed above, the Court concludes that plaintiffs have taken clearly inconsistent positions.  Furthermore, the Court granted the stay based upon the parties' representation that, in the event defendants' motions to dismiss were granted, the only remaining issue would be whether the Court would exercise supplemental jurisdiction over the remaining state law claims.  *See Weise v. Casper*, 2011 WL 2193359, at *3 (10th Cir. June 7, 2011) ("[R]eversal by this court would create the impression that the district court was misled. The district court granted Rule 54(b) certification in part based on plaintiffs' representation that they would concede judgment if this court affirmed. This representation was material; Rule 54(b) is intended to promote judicial efficiency. By taking the position that an interlocutory appeal would resolve the case, plaintiffs induced the district court to grant certification.  Having received the benefit of their bargain, it is too late for plaintiffs to escape their promise.").

Finally, plaintiffs would receive an unfair advantage if the Court were to permit plaintiffs to engage in discovery to potentially identify the John and Jane Doe defendants.  Had plaintiffs taken their current position from the outset, defendants might have preferred that discovery proceed on the limited issue of identifying the John and Jane Doe defendants involved in the conduct alleged in plaintiffs' complaint so that all the federal claims could be addressed at the same time.  *Cf. id.* ("[Defendants] consented to Rule 54(b) certification under the belief that the appeal . . . would decide

this matter one way or the other. Had defendants known plaintiffs would seek a second bite at the apple, they might have opposed 54(b) certification in an effort to have everything decided in a single appeal.").

Even if not viewed through the lens of judicial estoppel, plaintiffs have not shown good cause to extend the time to serve the unidentified defendants pursuant to Federal Rule of Civil Procedure 4(m). Moreover, plaintiffs have not established the need for discovery in any event. After the joint motion to stay all discovery was granted, plaintiffs amended their complaint. *See* Docket No. 78. Plaintiffs identified two employees of defendant Adams County Human Services, *see* Docket No. 78 at 14, ¶ 52 & 18, ¶ 63, yet did not add these individuals as defendants. Nor have they described who they believe violated 42 U.S.C. § 1983, even if they do not know their names.[1] Plaintiffs also fail to explain why they have been able to identify some medical personnel as defendants but not others. In fact, plaintiffs do not provide any description of the discovery they would require in order to identify which of the employees and agents of the entity defendants they believe violated their federal rights.

On account of the foregoing, the Court will dismiss the John and Jane Does from this action. All that remains are plaintiffs' state law claims, over which the Court

---

[1]*See Lucero v. Holts*, No. 07-cv-01086-BNB, 2007 WL 2238807, at *1 (D. Colo. Aug. 1, 2007) (Boland, M.J.) (citation omitted):
> [Plaintiff] is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Therefore, Mr. Lucero should name as Defendants the persons he believes actually violated his constitutional rights. If Mr. Lucero does not know the names of some of the Defendants he intends to sue, he may use fictitious names such as John or Jane Doe. However, Mr. Lucero still must identify with particularity who any fictitious Defendants are by listing their title or some other descriptive information.

declines to exercise supplemental jurisdiction. *See Smith v. City of Enid, ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010); *cf.* Docket No. 48 at 3, ¶ 5.[2]

For the foregoing reasons, it is

**ORDERED** that plaintiffs' federal claims against the John and Jane Doe defendants are DISMISSED without prejudice. It is further

**ORDERED** that, because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, this matter is REMANDED to the District Court of Adams County, Colorado, where it was originally filed as Case No. 10CV1033.

DATED July 28, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]*See Brooks*, 614 F.3d at 1230 ("Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court.") (citations, quotation marks and alterations omitted); *see also* 28 U.S.C. § 1367(d) (providing that the state law statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").